IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBER T. B., | ) |
|     Plaintiff, | ) No. 23 C 16653 |
| v. | ) Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Amber T. B. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

In March 2021, plaintiff applied for benefits, alleging a disability onset date of April 1, 2020. (R. 101-02, 129-30.) Her applications were denied initially, on reconsideration, and after a hearing. (R. 10-41, 157-58, 170-71.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that though plaintiff had engaged in substantial gainful activity for a period after her alleged disability onset date, there was also a continuous twelve-month period after the alleged onset date during which plaintiff did not engage in substantial gainful activity. (R. 13-14.) At step two, the ALJ found that plaintiff has the severe impairments of third and fourth finger fractures of the right hand, lumbar disc bulging and mild lumbar and thoracic degenerative disc disease, and a history of seizure. (R. 14.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 26.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 27-28, 39.) At step five, the ALJ found that, jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 40-41.)

Plaintiff argues that the ALJ erred in assessing the opinion of Dr. Eldal, who performed plaintiff's functional capacity evaluation ("FCE") on December 10, 2020, several months after plaintiff sustained the injury to her right hand. (R. 572.) Dr. Eldal opined that plaintiff does not meet all of the job requirements for light duty work because "she [cannot] perform tasks that requires [sic] fine motors as holding objects, open jars, [and] using computer keyboard." (*Id.*) The ALJ said Dr. Eldal's opinions were "persuasive" (R. 39) and that she:

> [M]odeled the . . . [RFC] on the results of the claimant's [FCE and] ha[d] taken into account the work activity. Thus, limiting the claimant to the light exertional level . . . [,] limitations on push and pull and operation of hand controls, and limitations on gross and fine manipulation well considers the claimant's right hand/right finger limitations.

(R. 38.) However, the RFC states that plaintiff can "perform occasional gross handling with the right (dominant) upper extremity and frequent fine fingering with the right (dominant) upper extremity." (R. 28) (emphasis added). In plaintiff's view, the ALJ's rejection, without explanation, of Dr. Eldal's opinion that plaintiff cannot perform fine motor tasks requires remand. *See* SSR 96-8P, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")

The Court agrees. The ALJ said she credited Dr. Eldal's opinion that plaintiff cannot do fine motor tasks and modeled the RFC on it, yet the RFC states that plaintiff can frequently do fine fingering with her right hand. (R. 28, 38-39, 572.) The Commissioner argues that Dr. Eldal's statement can be and must have been interpreted by the ALJ to mean that plaintiff can do some fine motor tasks just not those like "holding objects, open jars, [and] using computer keyboard." (R. 572.) But the ALJ did not make that reasoning clear, if indeed it was her reasoning, which leaves an impermissible disconnect between the RFC and the medical opinion on which it is

3

allegedly based. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (stating that the ALJ "must 'build a logical bridge from the evidence to his conclusion.'" (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted)).  Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [14], denies the Commissioner's motion for summary judgment [20], and in accordance with the fourth sentence of 20 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:  September 24, 2024**

**M. David Weisman**
**United States Magistrate Judge**